McKinney, ' J.,
delivered the opinion of the Court.
This was an action of trespass brought by Mitchell against the plaintiff in error, for a violent assault and battery committed by the latter upon the person of the former.
The case was tried at the December Term, 1857, of the Circuit Court of Giles, and verdict 'and judgment were rendered for the plaintiff for $437.50. From which judgment an appeal in error was prosecuted to this Court by the defendant, Kimbrough.
Since the transfer of the suit to this Court by the appeal in error, Mitchell, the defendant in error, died; and his death having been suggested and admitted upon the record of this Court, a motion is made, in ■ behalf of his personal representative, to have the appeal in error revived in the name of the latter. The motion is opposed, upon the common law maxim, that actio personalis moritur eum persona. This principle, we think, is not applicable to the case. By the recovery in the lifetime of the injured party, the claim for damages was merged in the judgment, and became a debt with which the personal representative was chargeable. *541 The demand being thus impressed with the character of a debt, it is clear that it is not only the right, but likewise the duty of the personal representative to insist upon a revivor.
The position is altogether mistaken, that the judgment is annulled by the removal of the case to this Court, and proceeds from losing sight of he distinction between a simple appeal and an appeal in the nature of a writ of error. The latter merely suspends the judgment of the inferior Court, and does not annul it; and, -consequently, if the appeal in error be abated or dismissed, the judgment below is left unimpaired and in full force. Furber v. Carter, 2 Sneed, 1. The motion to revive is therefore allowed. It may be remarked that the common law maxim, that “ a personal right of action dies with the person ” is no longer applicable in this State. By § 2846 of the Code, all actions founded on wrongs, except wrongs affecting the character of the plaintiff, may be revived.
Upon the merits of the case a single question is presented, in regard to the competency of a witness ■offered by the defendant.
It seems that the difficulty arose out of Mitchell’s ill-treatment of his wife, who was the sister of Kim-brough. And the marriage having been dissolved by a divorce granted to Mitchell, after the assault and battery complained of, and before the trial of the present case; the defendant offered the former wife of the plaintiff to prove “how the difficulty occurred between the plaintiff and defendant,” and the ill-usage of the husband which led to it. The Court held the witness to be incompetent to testify as to these matters, not *542 withstanding the dissolution of the marriage relation; and this is assigned as error.
We concur in the opinion that the witness was incompetent. It is true there is some discrepancy in the cases upon this subject. But. no decision has been produced showing that the present case forms an exception to the general rule so well established, and of so much importance on grounds of publics policy. The former husband is a party to the suit. His interest is directly involved. And the main objects proposed, in the examination of the former wife, are to show the abuse inflicted upon her by her husband, during the existence of the marriage union; and to justify, or, at least, to palliate the battery committed upon him by the defendant, in consequence of the alleged wrongs done to her.
If this were allowable, there would be no stopping place; and in all cases, whether affecting the property, reputation, or even life of her former husband, she might be made a witness. • The question is too plain to require either argument or authority.
Judgment affirmed.